# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MATTHEW RATCLIFFE,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**HAROLD W. CLARKE, ET AL,** )<br>)<br>Defendants. ) | Case No. 7:20CV00333<br><br>**OPINION**<br><br>By: James P. Jones<br>United States District Judge |

*Matthew Ratcliffe, Pro Se Plaintiff.*

Plaintiff Matthew Ratcliffe, a Virginia inmate proceeding pro se, has filed an Amended Complaint under the Civil Rights Act of 1871, 42 U.S.C. § 1983, without prepayment of its filing costs, pursuant to 28 U.S.C. § 1915. After review of the record, I conclude that this action must be summarily dismissed with prejudice for failure to state a claim upon which relief may be granted.

I.

Ratcliffe's initial Complaint alleged separate claims about the conditions of his confinement that he characterized as unconstitutional. The court advised him that he could not pursue a complaint that raised so many separate and unrelated claims against separate defendants. The court also advised that in a § 1983 action, to prove liability as to each defendant, plaintiff must affirmatively show that a defendant acted personally in a manner that contributed to the deprivation of the

plaintiff's constitutional rights, which Ratcliffe had failed to do. Finally, the court advised Ratcliffe that his Complaint "fails to state facts about actions or omissions by each defendant in violation of Ratcliffe's rights" and that "he must provide facts about how his rights, personally, were violated by the defendants' actions." Order 2, Sept. 2, 2020, ECF No. 13.

The court allowed Ratcliffe to file an Amended Complaint that corrected these deficiencies. The total of Ratcliffe's allegations in this Amended Complaint, intended to stand as the complete statement of his claims, is as follows:

> Physical injuries by numerous assaults, each defendant is liable for these violations because, they knew of the risk and harm but deliberately allowed me to be housed with known enemies.
>
> . . . .
>
> These defendants were notified by written statements and emails of my severe conditions but continued to put me in harms way and ignored obvious threats that resu[l]ted in physical injuries.

Am. Compl. 2, ECF No. 16. The defendants are identified merely as Harold W. Clarke, Gail Jones, Anton Daniels, C. Davis, Kevin McCoy, and Charolette Shelton. As relief, Ratcliffe seeks $100,000 in damages.

## II.

I may dismiss "any action brought with respect to prison conditions under section 1983" by an inmate if I am "satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from

a defendant who is immune from such relief." 42 U.S.C. § 1997e(c). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

While the named defendants are persons subject to suit under § 1983, Ratcliffe has failed to state any claim against any of them. First, as discussed, in a § 1983 action, "liability will only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights." *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977).[1] Supervisory prison officials cannot be held liable under § 1983 for errors by their subordinates merely by virtue of their job titles. *Id.* ("The doctrine of respondeat superior has no application" under § 1983).

Furthermore, Ratcliffe's allegations do not state facts satisfying the elements of his claims that the defendants have deprived him of constitutionally protected rights.

> The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. Prisons house persons with demonstrated proclivities for antisocial criminal, and often violent, conduct, and at the same time strips inmates of virtually every means of self-protection. The government and its officials are not free to let the state of nature take its course, and gratuitously allowing the beating

---

[1] Here and elsewhere in this Opinion, I have omitted internal quotation marks, alterations, and/or citations, unless otherwise noted.

> or rape of one prisoner by another serves no legitimate penological objective.
>
> Prison officials are, therefore, obligated to take reasonable measures to guarantee inmate safety. In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.
>
> That being said, not every injury suffered by a prisoner at the hands of another translates into constitutional liability for prison officials responsible for the victim's safety. Rather, liability attaches only when two requirements are met. First, a prison official's act or omission must result in the denial of the minimal civilized measure of life's necessities. For a claim based on a failure to prevent harm, the plaintiff must show that he was incarcerated under conditions posing a substantial risk of serious harm.

*Makdessi v. Fields*, 789 F.3d 126, 132-33 (4th Cir. 2015). In this case, Ratcliffe must provide facts showing, objectively, that he has suffered a "significant physical or emotional harm" as a result of the hazardous condition at issue — known enemies. *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995).

The second requirement in the constitutional standard is to provide facts showing that, subjectively, the official knew facts indicating a substantial risk of serious harm, recognized the existence and seriousness of that risk, and failed to respond reasonably to alleviate it. *Makdessi*, 789 F.3d at 133-34.

> A prison official's subjective actual knowledge can be proven through circumstantial evidence showing, for example, that the substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it.

*Id.* at 133.  On the other hand, prison officials cannot be liable under § 1983 for failing to prevent, through mere inadvertence or negligence, an attack by one inmate on another.  *Id.* at 132.

Ratcliffe has not stated facts supporting either prong of the Eighth Amendment standard.  First, he states no facts about who assaulted him, when or how, or what serious physical injuries he suffered.  He mentions "severe conditions," but fails to attach this term to any particular event related to any defendant.  I cannot find that Ratcliffe's terse assertions demonstrate that he has suffered "significant physical or emotional harm" so as to satisfy the objective prong of the constitutional standard.  *Shakka*, 71 F.3d at 166.

Second, Ratcliffe states no facts showing what any defendant knew about the purported risks of harm posed by Ratcliffe's so-called known enemies.  Ratcliffe provides no chronology of particular events or a pattern of incidents known to any defendant that would have put the official on notice that these enemies posed any significant risk of harm to Ratcliffe at any specific time during his incarceration.

Rather, Ratcliffe attempts to meet the elements of the constitutional standard with nothing more than bald assertions unsupported by the type of specific facts needed to permit the defendants to respond to his claims.  To avoid summary dismissal, a complaint must plead facts sufficient to "state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "[A]

pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

Based on Ratcliffe's failure to plead necessary facts supporting the elements of his claims that the defendants failed to protect him, after he was granted an opportunity to amend to state such facts, I will summarily dismiss his § 1983 claims under § 1997e(c) with prejudice for failure to state a claim upon which relief can be granted.

A separate Final Order will be entered herewith.

DATED: November 9, 2020

/s/ JAMES P. JONES
United States District Judge